**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
-------------------------------x
                                :
AZUMAH ROBINSON                 :   Civ. No. 3:21CV01074(VAB)
                                :
v.                              :
                                :   August 27, 2021
BANK OF AMERICA                 :
                                :
-------------------------------x
```

**RECOMMENDED RULING**

This matter is before the Court on an initial review of the

Complaint filed by self-represented plaintiff Azumah Robinson

("plaintiff"). [Doc. #1]. For the reasons set forth herein, the

Court recommends that the Complaint [Doc. #1] be **DISMISSED,**

**without prejudice,** pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

I.   **Background**

Plaintiff brings the Complaint against Bank of America

("defendant"), claiming that defendant violated the Truth in

Lending Act ("TILA") with respect to a loan agreement the

parties entered into on September 5, 2019. See generally, Doc.

#1. Plaintiff contends that he obtained a loan from defendant to

purchase a car. See id. at 3. Pursuant to that loan agreement,

defendant retained a security interest in the vehicle. See id.

at 2, 6.

The Complaint alleges that defendant violated the TILA,

with regard to this transaction, in three ways. See id. at 6.

1

First, plaintiff asserts that defendant failed to inform him that he had a right to rescind the transaction, in violation of 15 U.S.C. §1635(a). See id. Second, plaintiff contends that he should not have been required to pay a down payment on the vehicle. See id. Third, plaintiff claims defendant failed to disclose the cost of plaintiff's automobile insurance as part of the finance charge. See id.

As relief, plaintiff seeks "to enforce the plaintiff's right to rescind a consumer credit transaction and finance charge violati[ons], to void the Defendant's security interest in the Plaintiff's vehicle, and to recover statutory damages, reasonable attorney's fees and costs[.]" Id. at 2. Plaintiff also seeks damages in the amount of $53,771. See id.

## II.   **Standard of Review**

The determination of whether an in forma pauperis plaintiff should be permitted to proceed under 28 U.S.C. §1915 involves two separate considerations. The Court must first determine whether the plaintiff may proceed with the action without prepaying the filing fee in full. See 28 U.S.C. §1915(a). The Court has already addressed that issue. See Doc. #8. Second, section 1915 provides that "the court shall dismiss the case at any time if the court determines that" the case "is frivolous or malicious" or "fails to state a claim on which relief may be granted[.]" 28 U.S.C. §§1915(e)(2)(B)(i), (ii). In the interest

2

of efficiency, the Court reviews complaints under these provisions shortly after filing to determine whether the plaintiff has stated a cognizable, non-frivolous claim.

To state a claim, a complaint must plead enough facts to state a claim that is "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). At this stage, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted).

The Court liberally construes complaints filed by self-represented plaintiffs. See McLeod v. Jewish Guild for the Blind, 864 F.3d 154, 156-57 (2d Cir. 2017). "The policy of liberally construing pro se submissions is driven by the understanding that implicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (citation and quotation marks omitted). The Court exercises

caution in dismissing a complaint under section 1915(e), and

"unless the court can rule out any possibility, however unlikely

it might be, that an amended complaint would succeed in stating

a claim[,]" the Court will permit "a pro se plaintiff who is

proceeding in forma pauperis" to file an amended complaint that

attempts to state a claim upon which relief may be granted.

Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 796 (2d Cir. 1999).

III. **Discussion**

The TILA "provides for a private right of action for

damages where a creditor fails to make disclosures required by

the Act." Hernandez v. Saybrook Buick GMC, Inc., 505 F. Supp. 3d

93, 103 (D. Conn. 2020) (citation and quotation marks omitted).

"It is a disclosure statute concerned with consumers' informed

use of credit, which results from an awareness of the cost

thereof by consumers." Id. (citation and quotation marks

omitted). "The TILA is a remedial statute, and it is interpreted

strictly in favor of the consumer." Id. (citation and quotation

marks omitted).

The Complaint alleges that defendant violated the TILA in

three ways, with respect to the September 5, 2019, loan

agreement. See generally, Doc. #1.

Plaintiff claims that defendant failed to disclose to

plaintiff "clear[ly] and conspicuously that Plaintiff had the

right to rescind this transaction" and to provide plaintiff with

"the proper forms" to do so. Doc. #1 at 6. Plaintiff contends

that because defendant retained a security interest in

plaintiff's car as part of the loan agreement, defendant's

failure to inform plaintiff of his right to rescind constitutes

a violation of 15 U.S.C. §1635(a). See id.

The TILA provides:

[I]n the case of any consumer credit transaction ... in
which a security interest[] ... is or will be retained
or acquired in any property which is used as the
principal dwelling of the person to whom credit is
extended, the obligor shall have the right to rescind
the transaction until midnight of the third business day
following the consummation of the transaction[.]

15 U.S.C. §1635(a). In other words, "when a loan made in a

consumer credit transaction is secured by the borrower's

principal dwelling, the borrower may rescind the loan agreement

if the lender fails to deliver certain forms or to disclose

important terms accurately." Beach v. Ocwen Fed. Bank, 523 U.S.

410, 411 (1998). The statute requires a creditor to "clearly and

conspicuously disclose[] ... to any obligor in a transaction

subject to this section the rights of the obligor under this

section." 15 U.S.C. §1635(a).

The Complaint does not allege that the loan here "is

secured by the borrower's principal dwelling[.]" Beach, 523 U.S.

at 411. To the contrary, the Complaint indicates that defendant

retained a "security interest in Plaintiff's Vehicle[.]" Doc. #1

at 4. The loan document states: "You are giving a security

interest in the vehicle being purchased." Id. at 7. Because the

right to rescission under the TILA extends only to loans that

are "secured by the borrower's principal dwelling[,]" Beach, 523

U.S. at 411, and plaintiff has alleged that defendant retained a

security interest only in his car, see Doc. #1 at 4, the

Complaint fails to state a claim that defendant violated the

TILA on this basis.[1] Accordingly, the Court recommends that

plaintiff's claim that defendant violated the TILA regarding his

right to rescind the transaction, pursuant to 15 U.S.C.

§1635(a), be **DISMISSED, without prejudice**.

Plaintiff makes two allegations related to the finance

charge. See Doc. #1 at 6. The "TILA requires creditors to

disclose any 'finance charge' that they impose on consumers in a

credit transaction." Poulin v. Balise Auto Sales, Inc., 647 F.3d

36, 39 (2d Cir. 2011) (quoting 15 U.S.C. §1638(a)). "A 'finance

charge' is 'the cost of consumer credit as a dollar amount,' and

it 'includes any charge payable directly or indirectly by the

consumer and imposed directly or indirectly by the creditor as

an incident to or a condition of the extension of credit.'"

Cartagena-Cordero v. Five Star Cars, LLC, 494 F. Supp. 3d 204,

207 (D. Conn. 2020) (quoting 12 C.F.R. §226.4(a)). "[C]ourts

---

[1] Plaintiff reports, in the financial affidavit filed in support
of the Motion for Leave to Proceed In Forma Pauperis, that he
does not "own any real property, such as land or a house[.]"
Doc. #2 at 3.

have concluded that a creditor is obligated under §1638(a)(3) to

disclose as a finance charge any costs charged to customers

buying on credit, but not charged to customers buying with cash,

in comparable transactions." Poulin, 647 F.3d at 39.

Plaintiff contends that defendant "failed to comply with 15

U.S.C. 1605" because plaintiff "was required by Defendant to put

down a cash down payment of $10,690[.]" Doc. #1 at 6. 15 U.S.C.

§1605 explains how the reportable finance charge is determined.

However, nothing in 15 U.S.C. §1605 or the TILA generally

prohibits a creditor from requiring an obligor to pay a down

payment. To the contrary, the statute expressly contemplates

that a consumer credit transaction may involve a down payment.

See, e.g., 15 U.S.C. §1638(a)(2)(A)(i) (To compute the amount

financed in a consumer credit transaction, "take the principal

amount of the loan or the cash price less downpayment and trade-

in[.]"). The Complaint does not allege that defendant failed to

disclose or inaccurately disclosed the amount of the down

payment.[2] Compare Hernandez v. Apple Auto Wholesalers of

Waterbury LLC, 460 F. Supp. 3d 164, 179 (D. Conn. 2020) (finding

a TILA violation where the creditor falsely inflated the down

payment on the purchase contract). Rather, plaintiff states

only: "Defendant should have never required federal reserve's

---

[2] Indeed, the loan document attached to the Complaint lists
$10,690 as the amount of the down payment. See Doc. #1 at 7.

notes in a consumer credit transaction." Doc. #1 at 6 (sic).

There is simply no legal basis for plaintiff's claim that

defendant violated the TILA by requiring a down payment.

Accordingly, the Court recommends that this claim be **DISMISSED,**

**without prejudice.**

Finally, plaintiff contends: "Defendant failed to comply

with 15 U.S.C. 1605(5)" because it "failed to include Plaintiff

auto insurance into the finance charge which was a factor in the

approval by the creditor." Id. (sic); see also id. at 15. As

noted, 15 U.S.C. §1605 describes how the finance charge is

determined. The statute does require creditors to include

certain, specific, insurance-related costs in the finance

charge. See 15 U.S.C. §§1605(a)(5), (b), (c). However, 15 U.S.C.

§1605(a)(5), the provision relied upon in the Complaint,[3] relates

to a "[p]remium or other charge for any guarantee or insurance

protecting the creditor against the obligor's default or other

credit loss." 15 U.S.C. §1605(a)(5) (emphasis added). The

Complaint makes no allegation regarding insurance obtained to

protect defendant against plaintiff's "default or credit loss."

Id. Rather, the Complaint refers only to plaintiff's "auto

insurance[,]" which the Court construes to refer to the ordinary

---

[3] Plaintiff actually cites to "15 U.S.C. 1605(5)." Doc. #1 at 6.
However, because there is no 15 U.S.C. §1605(5), the Court
presumes plaintiff intended to cite to 15 U.S.C. §1605(a)(5),
which refers to insurance.

collision and liability insurance required by law. Doc. #1 at 6.

Therefore, the Complaint fails to state a claim that defendant

violated 15 U.S.C. §1605(a)(5), and the Court recommends that

claim be **DISMISSED, without prejudice**.

In sum, and for the reasons described, the Court recommends

that the Complaint be dismissed, without prejudice, for failure

to state a claim upon which relief can be granted. <u>See</u> 28 U.S.C.

§1915(e)(2)(B)(ii).

**IV.   <u>Conclusion</u>**

For the reasons set forth herein, the undersigned

recommends that the Complaint be **dismissed, without prejudice**.

Plaintiff may file an amended complaint, which would entirely

supersede, that is, replace, the current Complaint. If plaintiff

chooses to file an amended complaint, he shall do so on or

before **<u>September 10, 2021</u>**.

Alternatively, if plaintiff disagrees with this Recommended

Ruling, he may file an objection. Any objection to a Recommended

Ruling must be filed with the Clerk of the Court within fourteen

(14) days of being served with the order. Accordingly, any

objection to this Recommended Ruling must be filed on or before

**<u>September 10, 2021</u>**. Failure to object within this time frame

will preclude appellate review. <u>See</u> 28 U.S.C. §636(b)(1); Rules

72, 6(a) and 6(d) of the Federal Rules of Civil Procedure; D.

Conn. L. Civ. R. 72.2; <u>Small v. Secretary of H.H.S.</u>, 892 F.2d 15

(2d Cir. 1989)(per curiam); F.D.I.C. v. Hillcrest Assoc., 66

F.3d 566, 569 (2d Cir. 1995).

It is so ordered at New Haven, Connecticut, this 27th day

of August, 2021.

      /s/
HON. SARAH A. L. MERRIAM
UNITED STATES MAGISTRATE JUDGE
